**DENIED and Opinion Filed May 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-23-00415-CV

## IN RE PETER BEASLEY, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-00573**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court is relator's May 4, 2023 petition for writ of mandamus wherein relator, a vexatious litigant subject to a pre-filing order, seeks to vacate a local administrative judge's order denying relator's request for permission to (1) prosecute, pro se, a bill of review that he originally filed through counsel and (2) file, pro se, new appeals and original proceedings related to his bill of review.

Entitlement to mandamus relief requires relator to show a clear abuse of discretion and the lack of an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the

burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.7(a)(2) requires the relator to include with his petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

There is a question as to whether relator's unsworn declaration satisfied his required compliance with these rules. But we conclude that answering this question is not necessary to our disposition of this case. Even if relator's unsworn declaration satisfied these requirements, a question on which we express no opinion, after reviewing relator's petition and the record before us, we conclude that relator has failed to demonstrate entitlement to mandamus relief.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny relator's motion for temporary relief as moot.

/Erin A. Nowell//

230415f.p05

ERIN A. NOWELL
JUSTICE